IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 16 COBALT LLC<br>1015 31st Street, N.W.<br>Suite 300<br>Washington, D.C. 20007<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HARRISON CAREER INSTITUTE<br>Plaza 1000 Main Street, Suite 310<br>Voorhees, New Jersey 08043<br><br>Registered Agent in the District of Columbia:<br>National Registered Agents, Inc.<br>1090 Vermont Avenue, N.W., Suite 910<br>Washington, D.C. 20005<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action<br>)<br>)　No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**
(Breach of Contract)

Plaintiff 16 Cobalt LLC ("16 Cobalt") brings this civil action against defendant Harrison Career Institute ("Harrison") to recover damages suffered as a result of defendant's breach of a written lease agreement, and for its cause of action states as follows:

**PARTIES**

1.　16 Cobalt is organized under the laws of the District of Columbia and has its principal place of business at 1015 31st Street, N.W., Washington, D.C. 20007.

2.　Harrison is a New Jersey corporation having its principal place of business at Plaza 1000, Main Street, Suite 310, Voorhees, New Jersey 08043.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to this claim occurred in the District of Columbia. In addition, venue is proper because the applicable law provision of the Lease (Section 18.4 of the Lease) requires that "if there is a diversity of citizenship between the parties thereto so that it is to be brought in a United States District Court, it shall be brought in the United States District Court for the District of Columbia."

## NATURE OF ACTION

5. 16 Cobalt owns and manages a commercial office building ("Building") located at 1627 K Street, N.W., Washington, D.C. 20006 ("1627 K Street").

6. 16 Cobalt purchased 1627 K Street from 1627 K Associates Limited Partnership ("K Associates") and its general partner, 1627 K Street, Inc, on or about October 1, 2004, and became the successor in interest to K Associates under leases between K Associates and tenants of 1627 K Street (Section 18.11 of the Lease).

7. On or about December 9, 2003, K Associates and Harrison entered into a lease agreement (the "Lease"), whereby K Associates leased to Harrison a portion of the ninth floor and the entire tenth floor of the Building (the "Leased Premises") for an initial period of ten (10) years commencing January 2004.

8. Under the Lease, Harrison covenanted and agreed to pay all Rent (as defined by Section 2 of the Lease to include base rent and additional rent) when due and payable, without any setoff, deduction, or prior demand therefore whatsoever.

9. To date, Harrison has failed to pay the Rent for June, July, August, September, October, November, and December of 2005 and January of 2006, which was due and owing on the 1st day of each month.

10. As a result of Harrison's failure to pay Rent, 16 Cobalt terminated the lease and obtained a judgment for possession of the Leased Premises and a writ of eviction against Harrison for failure to pay Rent when due.

11. On or about January 6, 2006, in lieu of formal eviction, Harrison signed an Agreement for Unconditional Surrender of Premises (the "Surrender Agreement") and agreed to vacate and surrender the Leased Premises to 16 Cobalt.

12. Pursuant to the Surrender Agreement, Harrison irrevocably vacated the premises on Tuesday, January 10, 2006 (the "Surrender Date").

13. While the Surrender Agreement terminated Harrison's occupancy of the Leased Premises, the Surrender Agreement did not absolve Harrison from liability for outstanding and future Rent due under the Lease.

14. Section 13.3 of the Lease provides that upon the occurrence of any Event of Default, Harrison shall be liable for "the entire balance of the Rent for the remainder of the Term to be due and payable," less any amount of Rent, if any, which 16 Cobalt receives from renting the Leased Premises to others, and for all expenses incurred by the Landlord plus interest at the lesser of eighteen percent (18%) per annum.

15. As of this date, Harrison owes $ 214,002.64 in past due Rent and approximately $3 million in Rent for the remainder of the Lease term.

16. Harrison has not paid any of the Rent due and owing.

## COUNT I
(Breach of Contract)

17. 16 Cobalt realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16.

18. Harrison's failure to pay the Rent due and owing for June, July, August, September, October, November and December of 2005 and January of 2006, constituted a breach of the Lease.

19. As a direct and proximate result of these breaches, 16 Cobalt has suffered damages in an amount to be determined at trial, but not less than $ 3 million, plus attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, 16 Cobalt respectfully prays that this Court enter judgment against defendant Harrison Career Institute as follows:

(1) for an amount to be proven at trial, but not less than $ 3 million;

(2) reasonable attorneys' fees and costs of this lawsuit;

(3) pre-judgment and post-judgment interest;

(4)     such other and further relief as the Court may deem appropriate.

January 30, 2006                    Respectfully submitted,

_____
David J. Cynamon (D.C. Bar # 182477)
Tonya G. Gaskins-Saunders (D.C. Bar # 484414)*
*(Not Admitted in the U.S. District Court for the
    District of Columbia)
PILLSBURY WINTHROP SHAW
    PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000

*Attorneys for Plaintiff*
16 Cobalt LLC