IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| 16 COBALT LLC | : | C.A.No. 1:06CV00175 |
| | : | Judge Colleen Kollar-Kotelly |
| vs. | : | |
| | : | |
| HARRISON CAREER INSTITUTE | : | |

### DEFENDANT'S MOTION TO SET ASIDE DEFAULTJUDGMENT

TO THE HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED

STATES DISTRICT COURT JUDGE:

NOW COMES the above-named defendant, HARRISON CAREER

INSTITUTE, by and through its attorneys PETER S. LEYTON, Esquire and

RITZERT & LEYTON, P.C., and ARTHUR R. SHUMAN, Esquire and SCOTT

and SHUMAN, LLC, and respectfully moves This Court for an Order vacating and

setting aside the Default Judgment entered on August 8, 2006 by This Court, and in

support thereof, respectfully represents as follows:

### BACKGROUND

1.     In December of 2003, defendant entered into a lease agreement for

commercial premises located at 1627 K Street N.W. in the District of Columbia with

1627 K Associates Limited Partnership, the predecessor to 16 Cobalt LLC, plaintiff

herein.

2.     The terms of the said lease provided for a ten year term commencing

in January of 2004 and included two floors of 1627 K Street, a desirable

commercial office building located in the Northwest section of the District of

Columbia. (See Affidavit of Fred Fitchett, attached hereto as Exhibit "A.")

- 1 -

3.      The purpose for defendant's occupancy, as set out in the lease, was the operation of a proprietary school, and the lease was contingent upon defendant's obtaining the necessary accreditation and government approvals to operate the school.

4.      Defendant was unable to begin the operation of the school in January of 2004, and, in fact, was never able to do so. Although it did obtain accreditation it did not obtain other approvals necessary to operate.

5.      In July of 2005, defendant informed plaintiff of its need to terminate the lease agreement.

6.      On January 10, 2006, plaintiff and defendant entered into an "Agreement For Unconditional Surrender" of the premises, and vacated the premises.

7.      On January 31, 2006, this diversity action was commenced seeking damages for past and future rents and other fees and costs.

8.      Although plaintiff had been dealing with defendant's counsel, Marie Nasuti, Esquire, throughout the period leading up to the execution of the surrender agreement, plaintiff served the complaint on defendant's registered agent, National Registered Agents, Inc. (See Affidavit of Marie Nasuti, Esquire, attached hereto as Exhibit "B")

9.      On March 10, 2006, the Clerk of the District Court entered a default judgment against defendant for failure to respond to the complaint.

10.     On March 1, 2006, defendant revoked the authority of National Registered Agents, Inc. because defendant was no longer doing business in the

District of Columbia and no longer intended to do so. (See Application For Certificate of Withdrawal For Foreign Corporation attached hereto as Exhibit "C")

      11.    On March 28, 2006, plaintiff filed its motion with This Court for the entry of a default judgment in the amount of $3,381,801.22.

      12.    Notwithstanding the fact that plaintiff had dealt with Marie Nasuti, Esquire throughout the events leading up to the surrender agreement, and notwithstanding the fact that defendant had revoked the authority of National Registered Agents, Inc. on March 1, 2006, the said Motion For Default Judgment was served by plaintiff upon National Registered Agents, Inc. on March 28, 2006, and plaintiff did not mail a copy to defendant. (See Motion For Default Judgment attached hereto as Exhibit "D")

      13.    On August 8, 2006, This Court granted final judgment to plaintiff in the amount of $1,972,247.62.

      14.    On August 9, 2006, Frank Gittleson, the Senior Property Manager for plaintiff, called Marie Nasuti, Esquire, defendant's counsel, and demand payment of the judgment entered the day before. This call was his first contact with defendant since the January 10, 2006 Surrender Agreement.

      15.    Defendant first learned of the default and the judgment as the result of the telephone call from Frank Gittleson on August 9, 2006.

<u>REASONS TO VACATE DEFAULT JUDGMENT</u>

      16.    The default judgment entered in this matter should be set aside because:

A.    Defendant's failure to respond to the complaint was the result of excusable neglect on the part of its attorney, and

B.    Defendant has a meritorious defense to the claim of plaintiff to any future rents beyond January 10, 2006 in that:

a.    There was agreement between the parties that defendant would pay the rents due to that date and its obligation under the lease would end, and

b.    Plaintiff has failed to mitigate damages for future rents as required.

C.    Plaintiff will not be harmed by setting the judgment aside and allowing defendant to present its defenses because plaintiff will still be entitled to all sums due it under the applicable law.

WHEREFORE, defendant respectfully requests that This Court enter an Order vacating the default judgment entered on August 8, 2006 and permitting defendant to litigate its defenses.

Respectfully submitted,

PETER S. LEYTON, Esquire
STEVEN M. GOMBOS, Esquire
RITZERT & LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
(703) 934-2660   (703) 934-9840 (fax)

**ARTHUR R. SHUMAN, Esquire**
**SCOTT and SHUMAN, LLC**
**38017 Fenwick Shoals Boulevard**
**West Fenwick, Delaware 19975**
**(302) 436-6200   (302) 436-7490 (fax)**

**Dated:  August 18, 2006**

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

16 COBALT LLC                          )
1015 31ST Street                       )
Suite 300                              )
Washington DC  20007                   )          Civil Action
                                       )
          Plaintiff                    )   CASE NUMBER   1:06CV000175
     v.                                )
                                       )   JUDGE:  Colleen Kollar-Kotelly
HARRISON CAREER INSTITUTE              )
Plaza 1000 Main Street Suite 310       )   DECK TYPE:    Contract
Voorhees, New Jersey                   )
                                       )   DATE STAMP: 1/31/06
          Defendant                    )
                                       )

AFFIDAVIT OF FRED FITCHETT

STATE OF DELAWARE:

COUNTY OF SUSSEX  :

1. I am the current president of Harrison Career Institute, Inc.  I have held that
   position since October, 2005.
2. From September, 2003 until assuming the post of President in October, 2005 I
   was the Director of Regulatory Compliance for Harrison Career Institute.
3. As the Director of Regulatory Compliance, I was primarily charged with obtaining
   all the required licenses and permits to permit operation of a post-secondary
   career training school in the District of Columbia on behalf of the Harrison Career
   Institute.  In addition, as part of that assignment, I was familiar with the work of
   site selection and development for the proposed new school location.
4. One of the reasons for the selection of the site at 1627 K Street, NW was its
   particularly suitable location, having proximity to metro and bus routes that
   would be beneficial to the success of any business.  In addition, the site location
   was extremely desirable for the location of offices and other facilities needed.  In
   fact, the site was one of the most desirable and high profile that we were able to
   locate within the District of Columbia because of the nature of the surrounding
   facilities and structures.

5. After research suitable rents for facilities of this type, we determined that the agreed rent was reasonable for the leased premises. We required that the lease have a five year cancellation provision to provide relief if the location and/or business was not successful.

6. A review of the rents that the plaintiff agreed to accept for the re-let property under the lease is significantly less than what was found to be a reasonable mutually agreeable rental rate for the premises in light of its desirability and locale.

7. During the time that Harrison Career Institute vacated the property, Mr. Gittleson assured me in several telephone conversations that they had an active party prepared to lease the premises being vacated, although he did not mention any specific party. Part of Harrison Career Institute's ultimate decision to vacate the entire premises was based on this information.

I declare under penalty of perjury that the statements contained in this affidavit are true and correct.

_____
Fred Fitchett

Sworn to and subscribe
before me this __18th__ day
of August, 2006.

_____

Jennifer K. Cutter
Notary Public
Sussex County, DE
My Term Expires 1/8/2010

Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 16 COBALT LLC<br>1015 31ST Street<br>Suite 300<br>Washington DC  20007<br><br>        **Plaintiff**<br><br>      v.<br><br>**HARRISON CAREER INSTITUTE**<br>Plaza 1000 Main Street Suite 310<br>Voorhees, New Jersey<br><br>        **Defendant** | Civil Action<br><br>CASE NUMBER  1:06CV000175<br><br>JUDGE:  Colleen Kollar-Kotelly<br><br>DECK TYPE:    Contract<br><br>DATE STAMP: 1/31/06 |

<u>AFFIDAVIT OF MARIE V. NASUTI</u>

STATE OF DELAWARE:

COUNTY OF SUSSEX  :

      MARIE V. NASUTI, of full age, being duly sworn according to law, deposes and says:

      1.     I am an attorney at law of the State of New Jersey, and am the general counsel and registered agent for Harrison Career Institute, Inc., a New Jersey, with corporate offices located at 1605 Evesham Road, Voorhees, New Jersey, which has been the principal corporate offices address since January 2005.

      2.     Harrison Career Institute did occupy premises at 1627 K Street  NW, Washington, DC 20006 since 2004 in which it was to engage in post-secondary school operations.   It fully furnished and fit out these premises, as required for the licensing and accreditation process, and paid full rental for about 18 months, despite the fact that

it remained essentially unused and the school facility never became operational due to delays in the approval process.   Harrison Career Institute had been paying full rent for these essentially unoccupied premises.

3.    When it became apparent that the school operations in Washington would not come to fruition, we began a process to negotiate vacating the premises. Between November 2005 and January 2006, both I and the President of the corporation, Fred Fitchett, had numerous conversations and correspondence through written and telefaxed materials with both Frank Gittleson of Empire Leasing and the law firm of Pillsbury Winthrop Shaw Pittman LLP (the same firm that acts as attorneys for the plaintiff in this matter).  At all times they were aware of my position and role in the corporation as general counsel.

4.    Part of those negotiations involved removal of the furnishings and equipment in the premises to allow the landlord to proceed with re-letting.  I had been informed that the landlord had a potential tenant to re-let the premises, and once we moved out, the landlord could engage in the necessary work for that occupancy.

5.    The landlord would not allow us to obtain the personal property in the premises (and would not provide elevator access to do so) unless an agreement was signed relating to the liability on the lease.  Finally, in January 2006, the landlord (through Mr. Gittleson and counsel) prepared a document which we were required to sign before it would allow Harrison Career Institute to remove its personal property and equipment from the premises.

6.    During this same period, from approximately September 2005 until the present, in my role as corporate counsel, I have been engaged in litigation on a matter involving hearings in Philadelphia PA and Washington DC.  Those hearings alone ran

from October 2005 until mid-February 2006, and naturally involved pre- and post-trial . This required my involvement in marshalling and interviewing witnesses, reviewing and coordinating evidence and documents, preparing factual and legal memoranda, assistance in investigation.   I was physically out of the office for most of the month of January and February 2006 when the trial was held in Washington DC.  Following the trial, there was an extensive post-trial briefing process which continued to require an extraordinary expenditure of time.

      7.     I have learned that National Registered Agents, Inc. had apparently received and mailed to my office in Voorhees, NJ a complaint which had been served on it by the plaintiff's attorney.   No contact, mailing, or service of this complaint was made upon me by the plaintiff or its attorney, nor was there any type of communication which would have apprised me of this filing, other than the service on the National Registered Agents in Washington.

      8.     I find the lack of communication from Mr. Gittleson or from plaintiff's counsel surprising since there had been so many contacts, sometimes several in the course of a day, with me and Mr. Fitchett, the President of Harrison Career Institute.

      9.     I also note that the pleadings which I did ultimately have the opportunity to review had an old address (Plaza 1000 Main Street Suite 310, Voorhees, NJ 08043). This is the address used in the caption of the case, as well as in other pleadings.  I assume this is also where all communications from the former registered agent relating to the suit were sent.   Harrison Career Institute had moved from that location a year earlier, in January 2005.  The postal forwarding order had expired in January 2006. The landlord was well aware of the change of address, since it had been informed at the

time of the move, and all monthly rental and other communications would have been from the new office location.

    10.    On March 1, 2006, as counsel for Harrison Career Institute, I filed a Certificate of Withdrawal for Foreign Corporation with the District of Columbia through the Corporation Division, Business and Professional Licensing Administration.  Part of that filing and Certificate form revokes the authority of the registered agent in the District of Columbia (National Registered Agents, Inc.) and provided the address of the corporate office (1605 Evesham Road, Voorhees, NJ 08043) for service of process in any "suit, action or proceeding based upon any cause of action arising in the District of Columbia during the time the corporation was authorized to transact business in the District Columbia."  National Registered Agents, Inc. was notified and copied in on the filing letter with a copy of the Certificate of Withdrawal as formal notification of its revocation of authority to act as registered agent.

    11.    At no time was there any communication with me or any other individual associated with Harrison Career Institute after that date until August 9, 2006, when I received a telephone call from the Washington rental agent (Frank Gittleson, Empire Leasing) advising that a default judgment had been entered the day earlier, for approximately $2 million.  He made this call to me on my personal cell phone, which indicates that he not only had business telephone contact numbers, by even my cell phone.  I expressed surprise at the proceedings and that the proceedings were fully completed before I was ever contacted.  I also expressed surprise at the amount, and asked about mitigation.  I asked what happened to the tenant who was moving in to the space once we vacated, and he just said it "didn't work out."  I asked him to fax me a

copy of the Order and Final Judgment so I could send it to our attorneys, which he did, at my office fax number.

12.    I was corporate counsel at the time the corporation was engaged in the original search for space, and the individuals in the corporation who were involved in obtaining the appropriate space in Washington communicated with me on a regular basis regarding the merits of various potential office/school space in the area. They reported on the discussions and meetings for the 1627 K Street premises, and were assured by the owner and its agent that this was "prime space" with excellent proximity to other business, transportation, and student access for school operations, and the rental value was fair and reasonable.   Based on their evaluations of rental for the area, the rent charged for this space was reported to be consistent with similar space in the area.   Apparently, based upon the rental being credited for the judgment purposes, the owner is only charging about one-half of the proper value for the space, and we believe there has been an absence of proper efforts to obtain tenants and to charge appropriate rental value for the premises.

13.    At the conclusion of my negotiations with Mr. Gittleson and plaintiff's attorneys in January of 2006, I was under the impression that there was an agreement that Harrison would not be responsible for rents beyond January 10, 2006.

14.    Harrison Career Institute seeks the opportunity to present its position to the Court relating to the above issues.

I declare under penalty of perjury that the statements contained in this affidavit are true and correct.

_Marie V. Nasuti_

Marie V. Nasuti

Sworn to and subscribed
Before me this __18th__ day
Of August, 2006.

_Jennifer K. Cutter_

Jennifer K. Cutter
Notary Public
Sussex County, DE
My Term Expires 1/8/2010

**Exhibit "C"**

35.00



DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS AND PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION

Government
Of the
District of Columbia
P.O. Box 92300
WASHINGTON, D.C. 20090

## APPLICATION FOR CERTIFICATE OF WITHDRAWAL
## FOR FOREIGN CORPORATION (FOR PROFIT)

To:
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS AND PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION

Pursuant to the provisions of the District of Columbia Business Corporation Act, the undersigned corporation hereby applies for a Certificate of Withdrawal from the District of Columbia and for that purpose submits the following:

1. Name of Corporation:
   HARRISON CAREER INSTITUTE , INC .

2. Where Incorporated:
   NEW JERSEY

3. It is not transacting business in the District of Columbia and hereby surrenders its authority to transact business in the District of Columbia.

4. It revokes the authority of its registered agent in the District of Columbia to accept service of process and consents that service of process in any suit, action or proceeding based upon any cause of action arising in the District of Columbia during the time the corporation was authorized to transact business in the District of Columbia, may thereafter be made on the corporation by service thereof on the Superintendent of Corporations, D.C.

5. The post office address to which the Superintendent of Corporations may mail a copy of any process against the corporation that may be served on him is (include street and number):
   160 S. EVESHAM ROAD VOORHEES NJ 08043

Date: 3-1-06

Corporate Name HARRISON CAREER INSTITUTE , INC.

(Corporate Seal)

By _____

Its President or Vice-President    HARRISON COMMISO

FEES DUE: (MAKE CHECK PAYABLE TO THE D.C. TREASURER)

FILE COPY

APR 1 0 2006

EXHIBIT "D"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| 16 COBALT LLC<br>1015 31st Street, N.W.<br>Suite 300<br>Washington, D.C. 20007 | ) ) ) ) ) | Civil Action |
|  | ) | No. 1:06CV00175 |
| Plaintiff, | ) |  |
|  | ) | Judge Colleen Kollar- |
| v. | ) | Kotelly |
|  | ) |  |
|  | ) |  |
| HARRISON CAREER INSTITUTE<br>Plaza 1000 Main Street, Suite 310<br>Voorhees, New Jersey 08043 | ) ) ) |  |
| Registered Agent in the District of Columbia:<br>National Registered Agents, Inc.<br>1090 Vermont Avenue, N.W., Suite 910<br>Washington, D.C. 20005 | ) ) ) ) |  |
| Defendant. | ) |  |
|  | ) |  |

## PLAINTIFF 16 COBALT LLC'S MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANT HARRISON CAREER INSTITUTE

Pursuant to Rule 55(a), Plaintiff 16 Cobalt LLC ("16 Cobalt") respectfully moves for entry of default judgment against Defendant Harrison Career Institute ("Harrison") of Plaza 1000 Main Street, Suite 310, Voorhees, New Jersey 08043, in the amount of $3,381,801.22. In support of this motion, Plaintiff 16 Cobalt states as follows:

1.    16 Cobalt owns and manages a commercial office building ("Building") located at 1627 K Street, N.W., Washington, D.C. 20006 ("1627 K Street").

400332911v1

2.      16 Cobalt purchased 1627 K Street from 1627 K Associates Limited Partnership ("K Associates") and its general partner, 1627 K Street, Inc., on or about October 1, 2004, and became the successor in interest to K Associates under leases between K Associates and tenants of 1627 K Street.

3.      On or about December 9, 2003, K Associates leased to Harrison a portion of the ninth floor and the entire tenth floor of the Building (the "Leased Premises") for an initial period of ten (10) years commencing January 2004.

4.      Under the lease, Harrison covenanted and agreed to pay all Rent when due and payable, without setoff, deduction, or prior demand therefore whatsoever.

5.      To date, Harrison has failed to pay the Rent for June (which includes an outstanding balance for a portion of the rent from May), July, August, September, November, December of 2005 and January, February and March of 2006, each of which was due and owing on the 1st day of each month.

6.      As a result of Harrison's failure to pay Rent, 16 Cobalt terminated the lease and obtained a judgment for possession of the Leased Premises and a writ of eviction against Harrison for failure to pay Rent when due.

7.      On January 6, 2006, in lieu of formal eviction, Harrison signed an Agreement for Unconditional Surrender of Premises (the "Surrender Agreement") and agreed to vacate and surrender the Leased Premises to 16 Cobalt.  The agreement is attached as Exhibit A.

8.      Pursuant to the Surrender Agreement, Harrison irrevocably vacated the premises on Tuesday, January 10, 2006 ("Surrender Date").

400332911v1

9.      While the Surrender Agreement terminated Harrison's occupancy of the Leased Premises, the Surrender Agreement did not absolve Harrison from liability for outstanding and future Rent due under the lease agreement between 16 Cobalt and Harrison (the "Lease"). The Lease is attached as Exhibit B.

10.     On January 31, 2006, the complaint in the present action was filed in this Court..

11.     On February 2, 2006, the complaint and summons in this action were properly served by hand on Defendant Harrison by leaving a copy of the referenced documents with John Christel, Defendant's registered agent in the District of Columbia, at National Registered Agents, Inc. located at 1090 Vermont Avenue, N.W., Suite 910, Washington, D.C. 20005, as appears from the affidavit of service of Daniel F. Portnoy, the process server, filed in this action on March 10, 2006.

12.     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Harrison was required to serve its responsive pleading within twenty days of service, in other words, on or before February 22, 2006.

13.     Defendant Harrison failed to respond to service and has not filed their answer or any other responsive pleading.

14.     On March 9, 2006, Plaintiff filed a Request for Entry of Default with the Clerk of this Court.

15.     On March 10, 2006, the Clerk entered an Order of Default against Defendant Harrison.

400332911v1

16.   To date, Defendant Harrison has not filed a motion to vacate the entry of default in this case.

17.   The defendant is a company and, as such, is not an infant, an incompetent person, or a member of the armed forces.

18.   Plaintiff 16 Cobalt is entitled to default judgment in the amount of $3,381,801.22 against Defendant Harrison for:

(a)   the $272,808.41 in rental arrearage that 16 Cobalt has lost to date as a result of Harrison's default under the Lease, as demonstrated by the Affidavit of Frank Gittleson attached as Exhibit C;

(b)   the $2,952,222.51 that 16 Cobalt will certainly lose as a result of Harrison's default under the Lease, as demonstrated by the Affidavit of Frank Gittleson;

(c)   the $ 146,726.25 in late charges (defined as additional rent under Section 2.3.3 of the Lease), which represents 10% of any late payment that Harrison agreed to pay pursuant to Section 2.3.3 of the Lease ($2,667.75 x 55 late charges for payments outstanding for the months of June, July, August, September, October, November and December of 2005 and January, February and March of 2006 = $146,726.25 total late charges), as demonstrated by the Affidavit of Frank Gittleson;

(d)   the over $10,044.05 in costs and reasonable attorneys' fees that 16 Cobalt has incurred in this action from January 2006 to the present date, as demonstrated by the Affidavit of Tonya G. Gaskins-Saunders attached as Exhibit D, and which costs and fees 16 Cobalt is entitled to recover under Section 2.6.2 of the Lease.

400332911v1

March 28, 2006                    Respectfully submitted,

                        /s/

David J. Cynamon (D.C. Bar # 182477)
Tonya G. Gaskins-Saunders (D.C. Bar # 484414)
PILLSBURY WINTHROP SHAW
           PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000

*Attorneys for Plaintiff*
16 Cobalt LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2006, the foregoing Plaintiff 16 Cobalt
LLC's Motion for Default Judgment Against Defendant Harrison Career Institute, the
Points and Authorities Supporting Plaintiff's Motion for Default Judgment, the Affidavit
of Tonya Gaskins-Saunders, the Affidavit of Frank Gittleson, the additional Exhibits and
the Proposed Order were served by first-class, postage prepaid, U.S. mail, on Defendant
Harrison Career Institute at the office of their registered agent in the District of
Columbia:

                       National Registered Agents, Inc.
                       1090 Vermont Avenue, N.W., Suite 910
                       Washington, D.C. 20005

                       Tonya G. Gaskins-Saunders

400332911v1