IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 16 COBALT LLC               )<br>                             )<br>          Plaintiff,         )<br>                             )<br>     v.                      )<br>                             )<br> HARRISON CAREER INSTITUTE   )<br>                             )<br>          Defendant.         )<br>_____) | Civil Action<br>No. 1:06CV00175<br>Judge Colleen Kollar-Kotelly |

**PLAINTIFF'S REPLY TO DEFENDANT'S
<u>MEMORANDUM RESPONSIVE TO THE COURT'S ORDER</u>**

Plaintiff 16 Cobalt LLC ("16 Cobalt"), by and through counsel, submits this Reply to Defendant's Memorandum Responsive to the Court's Order ("Def. Mem."). This Reply addresses Harrison Career Institute's' ("Harrison") responses to the four questions raised in the Court's Memorandum Opinion of March 28, 2007 ("Memorandum Opinion").

**1.     On What Provision of the Lease Did Plaintiff Rely Upon Defendant's Default On The Lease?**

<u>Plaintiff's Reliance Upon Section 13.3.2 To Terminate the Lease Requires That Harrison Make One Up-Front Payment in the Full Amount of the Default Judgment.</u>

As discussed in Plaintiff's Supplemental Brief ("Pl. Supp. Br."), and as the Court's Memorandum Opinion recognized, pursuant to the Lease between 16 Cobalt and Harrison, 16 Cobalt could declare Harrison in default and select from any of the remedies

400578195v1

available under Section 13 of the Lease. 16 Cobalt terminated the Lease pursuant to Section 13.3.2 and accelerated the remaining rent due, thereby requiring that Harrison make one up-front payment covering the "entire balance of Rent for the remainder of the Term." Pl. Supp. Br. at 2.

Harrison argues that because 16 Cobalt relet the premises, it must have chosen its remedy under Section 13.3.4 of the Lease. Def. Mem. at 2-3. Harrison is incorrect. As Harrison itself points out, Section 13.3.2 permits 16 Cobalt to collect the entire balance of the rent due and to collect it "in any manner not inconsistent with applicable law." Def. Mem. at 2. When 16 Cobalt terminated the Lease and accelerated payment pursuant to Section 13.3.2, it did so consistent with applicable District law, which imposed a duty to mitigate. Pl. Supp. Br. at 4-5; Def. Mem. at 4. Because the Lease **contains** a re-let and re-entry provision, District law imposes a duty on 16 Cobalt to mitigate, irrespective of whether that particular provision is relied upon to terminate the Lease. *Lennon v. United States Theatre Corp.*, 920 F.2d 996, 1000 (D.C. Cir. 1990). For the same reason, the reference in the Surrender Agreement to a reduction of damages for any rent received by 16 Cobalt from replacement tenants simply reflects 16 Cobalt's willingness to mitigate.

16 Cobalt demonstrated its election to accelerate the rent and recover damages against Harrison under Section 13.3.2, rather than to relet and seek periodic recovery of rent under Section 13.3.4, by declaring the entire balance of the rent due and by bringing this suit for damages in that amount.. As Harrison admits, the exercise of such an acceleration provision renders the tenant liable for damages. Def. Mem. at 3. Accordingly, 16 Cobalt is entitled to collect the amount of the default judgment entered by the Court in a single lump-sum payment.

2.     **What Is Plaintiff's Duty to Mitigate, If Any, In This Case?**

<u>Either Harrison Waived Its Right To Assert Failure To Mitigate as an Affirmative Defense or 16 Cobalt Satisfied Its Duty To Mitigate.</u>

Although this Court raised the issue of failure to mitigate as an affirmative defense in its Memorandum Opinion at 20, Harrison did not address that issue in its responsive memorandum. For the reasons stated in its Supplemental Brief, 16 Cobalt submits that Harrison has waived that defense. Pl. Supp. Br. at 5-6.

Moreover, Harrison has failed to satisfy its burden of showing that 16 Cobalt did not make reasonable efforts to mitigate. Although the Court noted that Harrison had failed to submit any tangible evidence to support that position (Memorandum Opinion at 21), Harrison's responsive memorandum does nothing to cure that deficiency. Instead, Harrison simply states that "[t]he fact that only a portion of the leased premises are apparently rented confirms that Plaintiff did not undertake adequate efforts to relet the entire premises." Def. Mem. at 4. That fact, which Harrison also asserted in its unsuccessful motion to set aside the default judgment, is not at all probative of a failure by 16 Cobalt to take reasonable steps to mitigate damages. *See* Memorandum Opinion at 21. Mitigation is a factual question that focuses on efforts, not results. Pl. Supp. Br. at 7. Here, Harrison walked out of a ten-year lease after only a year and a half of the lease term had passed, forcing 16 Cobalt to seek replacement tenants for a substantial amount of commercial office space. Yet Harrison was able to locate three tenants, two of which leased portions of the former Harrison premises for long lease terms (ten and six years). Pl. Supp. Br. at 8. Harrison has not even attempted to introduce any evidence that 16 Cobalt's efforts in achieving these results were unreasonable.

3.  **Is Plaintiff Entitled To One Up-Front Payment From Defendant, Or Are Defendant's Payments Appropriately Made In Periodic Intervals?**

<u>Harrison Is Required Pursuant to Section 13.3.2 To Make One Up-Front Payment to 16 Cobalt in the Full Amount Of The Default Judgment.</u>

16 Cobalt agrees with Harrison that the unambiguous terms of the Lease govern the remedy here. But, as explained in Plaintiff's Supplemental Brief and discussed above, the applicable remedy provision exercised by 16 Cobalt is Section 13.3.2, not Section 13.3.4. Pursuant to the unambiguous language of Section 13.3.2, 16 Cobalt is entitled to one up-front payment of damages from Harrison.

Harrison cites *McIntosh v. Gitomer*, 120 A.2d 205 (D.C. 1956), but that decision is inapposite. The lease in *McIntosh* contained a provision similar to Section 13.3.4 of the Lease here, pursuant to which the tenant was liable for "any and all deficienc[ies] or loss of rent, and authorized the landlord to re-let the premises at the tenant['s] risk." *Id.* at 206. The *McIntosh* lease, however, did not contain an acceleration clause like Section 13.3.2. Thus, unlike the situation in *McIntosh*, the express terms of the Lease entitle 16 Cobalt to seek and recover lump sum damages from Harrison equal to the amount of all future rent less the amounts received through 16 Cobalt's mitigation efforts.[1]

---

[1] Harrison also cites *Sanders v. Kahn*, 134 A.2d 107 (D.C. 1957), for the proposition that periodic suits for monthly rent are permitted only when authorized by an express provision of the lease. Def. Mem. at 5. 16 Cobalt seeks its damages in this case pursuant to an acceleration clause contained in the Lease.

4.      **If Plaintiff Cannot Collect Payment For Future Rent Now, How Should Future Payments Be Calculated?**

<u>Harrison Must Make Immediate Up-Front Payment In The Full Amount Of The Default Judgment.</u>

For the reasons set forth above and in Plaintiff's Supplemental Brief, 16 Cobalt is entitled to immediately collect damages from Harrison in one up-front payment for Harrison's default under the Lease pursuant to Section 13.3.2.

June 8, 2007                                        Respectfully submitted,

                                                    _____/s/_____
                                                    David J. Cynamon (D.C. Bar # 182477)
                                                    Tonya G. Gaskins-Saunders (D.C. Bar # 484414)
                                                    PILLSBURY WINTHROP SHAW
                                                    PITTMAN LLP
                                                    2300 N Street, N.W.
                                                    Washington, D.C. 20037
                                                    Phone: (202) 663-8000
                                                    Fax:    (202) 663-8007

                                                    *Counsel for Plaintiff*
                                                    *16 Cobalt LLC*